JS-6, O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

IAN ROBINSON,

               Plaintiff,

   v.

AMERICAN INTERNATIONAL GROUP, INC., et al.,

               Defendants.

Case No.: 2:21-cv-00749-MEMF-MRWx

**ORDER GRANTING JUDGMENT IN FAVOR OF PLAINTIFF IN THE AMOUNT OF $236,000; AND GRANTING IN PART MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS [ECF NO. 70]**

    Before the Court is the Motion for Award of Attorneys' Fees and Costs filed by Plaintiff Ian Robinson. ECF No. 70. For the reasons stated herein, the Court hereby GRANTS Judgment in favor of Plaintiff Ian Robinson in the amount of $236,000, and GRANTS IN PART the Motion for Award of Attorneys' Fees and Costs.

/ / /

/ / /

1

## I. Background

### A. Factual Background

This case concerns an insurance dispute following the tragic death of Vincent B., the stepson of Plaintiff Ian Robinson ("Robinson"). In March of 2018, Plaintiff Ian Robinson and his dependent child Vincent B. were covered under a group accident insurance policy for Accidental Death and Dismemberment ("Policy"), underwritten by Defendant National Union Fire Insurance Company of Pittsburgh, PA ("NUFIC"), a wholly owned subsidiary of Defendant American International Group, Inc. ("AIG"), and held by Raytheon Company, Robinson's employer. Defendants' Response to Plaintiff's Separate Statement, ECF No. 49 ("DRPUF") ¶¶ 1, 9. Vincent B. passed away on March 5, 2018, as a result of multiple blunt injuries he suffered when he either fell or jumped from his family's third floor balcony. *Id.* ¶¶ 2, 22. After Vincent B.'s death, Robinson filed a claim seeking death benefits under the Policy. *Id.* ¶ 10. His claim was denied initially, and the denial was reiterated on appeal. *Id.* ¶¶ 12, 21, 28. At the heart of this dispute is the question of whether Vincent B. accidentally fell from the balcony—in which case his death is covered under the Policy—or whether he committed suicide by jumping from the balcony—in which case his death is not covered under the Policy.

### B. Procedural History

Robinson filed suit in federal court against NUFIC and AIG (collectively, the "AIG Entities") seeking to recover benefits, attorneys' fees, and prejudgment and post-judgment interest under the Policy, pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(1)(B), (g)(1). *See generally* First Amended Complaint, ECF No. 9 ("FAC"). Both Robinson and the AIG Entities filed motions for summary judgment. *See* Defendants' Motion for Summary Judgment, ECF No. 28 ("Dft. MSJ"); Plaintiff's Motion for Summary Judgment, ECF No. 38 ("Pltf. MSJ"). On September 22, 2022, the Court issued an Order Granting Plaintiff's Motion for Judgment and Denying Defendants' Motion for Judgment. ECF No. 69. Robinson was ordered to submit a proposed judgment and any motion seeking costs or fees. *Id.*

On October 10, 2022, Robinson filed the instant Motion for Award of Attorneys' Fees and Costs. ECF No. 70 ("Motion" or "Mot."). The Motion included a separate Memorandum of Points

and Authorities in Support of Prejudgment Interest. ECF No. 70-3 ("Prejudgment Interest MPA"). The Motion was fully briefed on October 31, 2022. *See* ECF Nos. 76 ("Opp'n"), 77 ("Reply"). The Court deemed this matter appropriate for resolution without oral argument and took the Motion under submission. ECF No. 78.

## II. Applicable Law

"A district court may award prejudgment interest on an award of ERISA benefits at its discretion." *Blankenship v. Liberty Life Assurance Co.*, 486 F.3d 620, 627 (9th Cir. 2007). Although a court may compensate a plaintiff for "the losses he incurred as a result of [the defendant's] nonpayment of benefits," "prejudgment interest is an element of compensation, not a penalty." *Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 988 (9th Cir. 2001).

Generally, "the interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of pre-judgment interest unless the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate." *Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1164 (9th Cir. 2001) (quoting *Nelson v. EG&G Energy Measurements Grp., Inc.*, 37 F.3d 1384, 1391 (9th Cir. 1994)). Under 28 U.S.C. § 1961, "interest shall be calculated . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961(a).

"Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Blanton v. Anzalone*, 813 F.2d 1574, 1575 (9th Cir. 1987) (citations omitted) (holding that district court abused its discretion by awarding, on an ERISA award, a prejudgment interest rate below the Treasury bill rate without making a finding as to the equities which justified the departure).

## III. Discussion

Both parties agree, for the purposes of the instant Motion, that attorneys' fees in the amount of $133,125 are appropriate. Joint Statement RE Motion for Award of Attorney's Fees and Costs, ECF No. 79 ("Joint Statement"). Moreover, the Defendants do not appear to object to Robinson's estimate of costs in the amount of $2,735.25. *Id.*; *see also* Opp'n at 1; Reply at 2; ECF No. 70-4.

Moreover, it appears to be undisputed that the benefit claim amounts to $236,000. Opp'n at 3; Reply at 2. As a result, the primary dispute concerns the amount of prejudgment interest Robinson is entitled to. Opp'n at 1; Reply at 2. Robinson contends that: (1) prejudgment interest should be calculated with an interest rate of 10% per annum due to historically high inflation; and (2) prejudgment interest should be calculated as compound interest because NUFIC breached its fiduciary duty under ERISA. Prejudgment Interest MPA at 3–7. Robinson therefore requests $69,666.55 in prejudgment interest. *Id.* at 7–8. NUFIC, in its Opposition, contends that: (1) the appropriate interest rate is 4.5% under 28 U.S.C. § 1961[1]; and (2) case law suggests that either simple interest or compound annual interest may be appropriate. Opp'n at 3.

### A. Prejudgment interest shall be calculated at an interest rate of 4.66% per annum.

As discussed previously, the Ninth Circuit has recognized that "the interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of pre-judgment interest *unless the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate.*" *Grosz-Salomon*, 237 F.3d at 1164 (emphasis added).

Robinson argues that the equities of his case require a different rate because the historically high inflation since AIG's wrongful denial of benefits means he was "deprived of this period of high growth" and that he "would have been able to earn considerable returns had he been able to invest his benefit himself." Reply at 3. Accordingly, Robinson contends that the rate of interest should be that prescribed by California law under CAL. CIV. CODE § 3289—namely, 10% per annum from the date of the breach. CAL. CIV. CODE § 3289(b) ("If a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum.").

Robinson has failed to demonstrate that the equities of this case require a different rate, and his reliance on *Blankenship v. Liberty Life Assurance Co.* to support his position is misplaced. In *Blankenship*, the district court awarded prejudgment interest at a higher rate than that prescribed in

---

[1] The Court notes, however, that the parties have since stipulated that the interest rate prescribed for interest under 28 U.S.C. § 1961 for the week ending December 9, 2022, is 4.73%. *See* Joint Statement.

28 U.S.C. § 1961 only after the claimant furnished evidence—in the form of a declaration—demonstrating that, in the absence of disability payments, they were forced to rely on personal funds to pay living expenses, and that those personal funds would otherwise have been invested in a mutual fund with a high rate of return. *Blankenship*, 486 F.3d at 628. Robinson has not provided any similar evidence to support his Motion. Although Robinson's briefing asserts that he was deprived of investment opportunities, Reply at 3, notably absent is any evidence—such as a declaration from Robinson—indicating what he would have done if he had received the funds earlier, much less that he would have invested the benefit in the manner claimed in the Motion. Nor does the Court find that the change in interest rates alone—which has been supported by substantial evidence—is sufficient to tip the equities such that a different rate is required.[2] The Court, therefore, awards prejudgment interest at the rate prescribed in 28 U.S.C. § 1961 on Robinson's judgment. In accordance with 28 U.S.C. § 1961, the Court finds that the prejudgment interest shall be calculated at the rate of 4.66% per annum.[3]

### B. Simple interest is appropriate in the instant case.

Robinson further contends that the Court should exercise its discretion to award compound interest because AIG breached its fiduciary duty to "properly investigate [Robinson's] claim, failed to follow the law by mischaracterizing evidence in the record, neglected to provide Plaintiff with

---

[2] *See Atwood v. PCC Structurals, Inc.*, 2015 WL 9480024, at *4 (D. Or. Dec. 28, 2015) ("If shifting interest rates were all that was required to demonstrate 'substantial evidence,' then the calculation of prejudgment interest in every case would be based upon an average of annual interest rates, as Plaintiff urges, rather than a statutorily dictated rate.").

[3] *See* "Current Applicable Rates," Administrative Office of the U.S. Courts, https://www.uscourts.gov/services-forms/fees/post-judgment-interest-rate (last visited January 23, 2023) ("Under each of the above statutes [including 28 U.S.C. § 1961] the rate of interest used in calculating the amount of post judgment interest is the weekly average 1-year constant maturity (nominal) Treasury yield, as published by the Federal Reserve System. . . . . Additionally, as of October 11, 2016, the Board no longer publishes the H.15 [the Federal Reserve Board Selected Interest Rates statistical release] in PDF format or publish weekly and monthly averages directly on the H.15. Weekly and monthly averages continue to be available through the Board's Data Download Program."); "Data Download Program," Board of Governors of the Federal Reserve System, https://www.federalreserve.gov/datadownload/Choose.aspx?rel=H.15 (last visited January 23, 2023) (applicable data pulled for the week of January 20, 2023).
Although the parties stipulated that the interest rate prescribed for interest under 28 U.S.C. § 1961 for the week ending December 9, 2022, was 4.73%, the Court finds that the appropriate interest rate for that week was 4.72%—the interest rate listed for the week of December 9, 2022. The Court finds that the appropriate interest rate now is 4.66%—the interest rate listed for the week of January 20, 2023 (*i.e.* the week preceding the date of this Order and Judgment).

additional information it would have needed to perfect his claim, shifted its justification for denying benefits, and failed to credit reliable evidence in the record." Prejudgment Interest MPA at 7. In support of this argument, Robinson cites to a number of cases for the proposition that "the court has discretion to award compound interest when there is a finding of wrongdoing on the part of a fiduciary and is not an abuse of discretion." *Id.* However, the Court notes that none of these cases involve the award of compound interest in relation to a prejudgment interest. The Ninth Circuit has made clear that "[p]rejudgment interest is an element of compensation, *not a penalty*" and that "[a]lthough a defendant's bad faith conduct may influence whether a court awards prejudgment interest, it should not influence the rate of interest." *Dishman*, 269 F.3d at 988. If the defendant's bad faith should not influence the rate of interest, it stands to reason that an alleged breach of fiduciary duty should not influence whether the Court elects compound or simple interest. By requesting that the Court award compound interest because AIG breached its fiduciary duty under ERISA, Robinson is essentially requesting that the Court impose a penalty on AIG's conduct—a request that the Court cannot accommodate. The Court therefore concludes that simple interest is appropriate in the instant case.

Using the appropriate interest rate of 4.66% and calculated from January 10, 2020, until September 22, 2022, at simple interest, the prejudgment amount due is $29,738.72.[4]

**IV. <u>Conclusion</u>**

For the foregoing reasons, the Court hereby ORDERS as follows:

1. Defendant is liable under 29 U.S.C. § 1132(a)(1)(B) for the amount of $236,000 in accidental death benefits to plaintiff. Defendant shall satisfy this obligation and shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

2. Defendant shall pay prejudgment interest at the rate of 4.66% per annum, accruing from January 10, 2020; this interest shall be simple interest, for a total amount of $29,738.72 in prejudgment interest owed to plaintiff.

---

[4] The Court calculated this amount by multiplying the principal amount ($236,000) by the interest rate (4.66%) and the time in years (987 days in the relevant time period divided by 365 days in a year).

3. Defendant is liable under 29 U.S.C. § 1132(g)(1) for the requested attorneys' fees in the amount of $133,125 and costs in the amount of $2,735.25.
4. This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this final judgment.

IT IS SO ORDERED.

Dated: January 24, 2023

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge